*1243 Robb, Judge,
dissenting.
I agree with Judge Bailey that the sign posted on the property did not put the Jenners on inquiry notice of Crown Castle’s interest and therefore I agree the Jenners’ tax deed is not void on this basis.[3] See op. at 11 35. For this reason, it is necessary for me to consider whether the Jenners gave the appropriate notice of their tax sale purchase, and on that point, I disagree with Judge Bailey that the Jen-ners’ failure to uncover Crown Castle’s interest and provide it notice defeats their tax deed.
I acknowledge Subsection 6-1.1-45-4.5(a)(3) says the tax sale purchaser must give notice to “any person with a substantial property interest of public record,” and that on its face, this would require notice to Crown Castle in this case. As Judge Bailey says, however, a strict interpretation of the statute could require “searching thousands of records in the county recorder’s office” in order to comply. Op. at ¶ 29. The statutory language itself may be straightforward, but the manner of complying under this interpretation is anything but. Even accepting that a tax sale purchase is a “gamble,” see id., imposing a strict interpretation of the statute would mean that successfully obtaining a tax deed is all luck and no skill. I find it difficult to accept the Legislature would have drafted a statute imposing a basically impossible requirement. This is especially so considering section 6-1.1-25-16(7) says that a person may defeat the title conveyed by a tax deed only if, among other things, the required notices were not in substantial compliance with the statutory requirements of section 6-1.1-25-4.5. For this reason alone, I would interpret the statute to require tax sale purchasers to provide notice to persons who they know or with the exercise of reasonable diligence should have known have a substantial property interest.
As to Judge Vaidik’s point that advances in technology have in some circumstances made a record search easier, I acknowledge this is true and further acknowledge that if the Jenners purchased the property at a tax sale today, they would be expected to provide notice to Crown Castle. However, when the statute was enacted in 1989, searching documents online was not possible. What’s more, as it stands now, searching documents online may not be possible in every county, or it may be possible only in a limited way. This further supports my view that it is unlikely the Legislature enacted this statute with the intent for a tax sale purchaser to have to search every record in the recorder’s office to assure he or she has found every recorded property interest. Returning to Judge Bailey’s analogy of purchasing at a tax sale to gambling, I do not necessarily *1244 disagree that tax sale purchasers are taking a risk. But according to Judge Bailey’s interpretation of the statute, tax sale purchasers are taking an even bigger risk than a gambler, walking into a casino.. In a casino, the rules are the same at. every table for any given game. In this “game,” however, the rules are different depending on the county in which the property is located.[4] Thus, tax sale purchasers are not taking a gamble that they followed the tax sale statutes correctly; they are taking a gamble that they can follow the statutes. As Judge Vaidik points out, that uncertainty would defeat the purpose of the statute - to collect delinquent taxes.
There will likely be some time in the future when the records in every county will be oh equal footing and even documents recorded outside the chain of title will reliably and easily be available to tax sale purchasers. Until such time, however, I do not believe the Legislature intended what ■ Judge Bailey’s opinion says—that even when a title company does not find a recorded interest, an average citizen , is nonetheless expected to in order to procure a tax deed. Therefore, I disagree with the ultimate conclusion of the majority— reached through different means, but nonetheless agreeing on the outcome—that the trial court should be affirmed and the tax deed set aside.
I would reverse the trial court’s judgment granting Crown Castle’s motion for relief from judgment.

. Judge Vaidik would affirm on the basis the Jenners should have known to search Crown Castle’s interest due to the sign. Regardless of whether the statute imposes an inspection requirement, I do pot believe the evidence adduced in this case supports the notion that even if the Jenners had inspected the property, the sign was sufficient to put them on notice that additional entities beyond the chain of title might be entitled to statutory notice of the tax sale.

. Recorded documents from thirty-nine counties, including Monroe, are available on Dox-pop, and a search by Tax/Parcel.ID is possible for thirty-eight of those counties. Indiana counties use court records services other than Doxpop, so it is possible a search by Tax/Parcel ID may be conducted online in more than the thirty-eight counties allowing such a search through Doxpop, However, it does not appear possible at all in, for example, Hamilton County, which uses Doxpop but does not allow searching by Tax/Parcel ID, and which does not seem to have any other means of conducting such a search. Other counties have varying access to and means of conducting online searches.